UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| Fernando Patino, Jr., <br><br> Plaintiff, <br><br> v. <br><br> City of Michigan City, Michigan City Police Department, Mark Swistek in his capacity as Michigan City Chief of Police, Detective Corporal Tony McClintlock, and Brett Carney, <br><br> Defendants. | Case No. 2:13-CV-114 JVB |

**OPINION AND ORDER**

In this lawsuit Plaintiff alleges that Defendants, by arresting him for theft, violated his procedural and substantive due process rights as protected by the Fourth and Fourteenth Amendments. Additionally, Plaintiff alleges that Defendants' actions during his arrest, and subsequent publicizing of the arrest, constituted numerous state torts including: intimidation and harassment; libel and slander; negligence; negligent infliction of emotional distress; intentional infliction of emotional distress; and negligent hiring, training, and supervision. Defendants contend they arrested Plaintiff pursuant to a judicially-issued warrant.

Defendants have moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6).[1] Defendants argue that they are entitled to qualified immunity and statutory immunity

---

[1] Plaintiff has named the Michigan City Police Department as a party to this lawsuit, but this is improper in nearly every jurisdiction. Only the individually named Defendants and Michigan City are properly named plaintiffs in this case. "[A] municipal police department is merely a department within a municipality, and is not a separate legal entity for § 1983 purposes." Thus Plaintiff's claims against the Michigan City Police Department are properly characterized as claims against Michigan City. *Pourghoraishi v. Flying J., Inc*., 2004 U.S. Dist. LEXIS 29739, at *27 (N.D. Ind. Dec. 13, 2004).

for all of Plaintiff's claims. Defendants attached the arrest warrant to their motion to dismiss in support of their qualified immunity argument.

**A. Standard for Evaluating a Motion to Dismiss**

Dismissal of a case is appropriate if the complaint sets forth no viable cause of action upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In assessing the propriety of dismissal under Rule 12(b)(6), the Court must accept all well-pleaded factual allegations in the complaint and the inferences reasonably drawn from them as true and in the light most favorable to the plaintiff. *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001).

A complaint is not required to contain detailed factual allegations, and plaintiffs' claims are subject to dismissal only if it is clear that they can prove no set of facts consistent with the allegations in the complaint that would entitle them to relief. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964–65 (2007). The Court is not required to accept the plaintiffs' legal conclusions. Pursuant to Rule 8(a)(2), plaintiffs must provide a ground to their entitlement to relief, which requires more than labels and conclusions. *Fries v. Helsper*, 146 F.3d 452, 456 (7th Cir. 1998). Dismissal of a complaint is appropriate only if it appears beyond doubt that plaintiffs can prove no set of facts in support of their claims which would entitle them to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Jefferson v. Ambroz*, 90 F.3d 1291, 1296–97 (7th Cir. 1996).

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court is sometimes permitted to take judicial notice of matters outside of the pleadings. For instance, a court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment. *Doss v. Clearwater Title Co.*, 551 F.3d 634, 640 (7th Cir. 2008) (citing Fed. R. Civ. P. 12(d)). Additionally, a court is authorized to take judicial

notice of facts that are "(1) not subject to reasonable dispute and [are] (2) either generally known within the territorial jurisdiction or capable of accurate and ready determination through sources whose accuracy cannot be questioned." *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997).

### B. The Doctrine of Qualified Immunity

The doctrine of qualified immunity protects government officials, including police officers, from "liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). *See also Frazell v. Flanigan*, 102 F.3d 877, 886 (7th Cir. 1996) (discussing qualified immunity of police officers). When determining the applicability of qualified immunity, courts focus on the objective reasonableness of the defendant's actions. The court is tasked with determining "whether a reasonable police officer could have believed that his conduct was constitutional in light of the clearly established law and the information he possessed at the time." *Id*. Furthermore, under the doctrine of qualified immunity, "officials are not liable for bad guesses in gray areas: they are liable for transgressing bright lines." *Gordon v. Whitted*, 2005 WL 1290644, at *10 (N.D. Ind. May 27, 2005).

Courts conduct a two-part inquiry when determining whether public officials are entitled to qualified immunity: (1) "whether the alleged conduct sets out a constitutional violation, and (2) whether the constitutional standards were clearly established at the time in question." *Long v. Barrett*, 2002 U.S. Dist. LEXIS 7144, at *13 (S.D. Ind. Feb. 26, 2002). Importantly, the plaintiff bears the burden of demonstrating the violation of a clearly established right. *Forman v. Richmond Police Dept.*, 104 F.3d 950, 957–58 (7th Cir. 1997). A violation is only "clearly

established where: (1) a closely analogous case establishes that the conduct is unconstitutional; or (2) the violation is so obvious that a reasonable state actor would know that his actions violated the Constitution." *Siebert v. Severino*, 256 F.3d 648, 654–55 (7th Cir. 2001).

Courts routinely find that mistaken arrests, when carried out pursuant to facially valid warrants, do not violate the Constitution. *See, e.g., Patton v. Przybylski*, 822 F.2d 697, 699–701 (7th Cir. 1987) (finding an officer did not violate plaintiff's due process rights when he was mistakenly arrested pursuant to a warrant issued for an individual with the same name, of the same race, with a similar (but not the same) birth date, but with a different residence); *Long*, 2002 U.S. Dist. LEXIS 7144, at *13 (finding that defendants did not violate plaintiff's due process rights when arresting her pursuant to a warrant, even though she claimed to not be the individual named in the warrant).

**B.    Background**

Plaintiff was arrested on March 3, 2011, on suspicion of theft on the basis of his possession of stolen property and was charged with Class D felony theft. (DE 12, Pl.'s Am. Compl. at 2.) Plaintiff states in his Complaint that he provided Defendants with proof he owned the property before his arrest. (*Id.*) Also, Plaintiff has alleged that Defendants threatened him and verbally intimidated him before his arrest. (*Id.*) Both before and after his arrest, Plaintiff's identifying information and picture were placed on the Michigan City Police Department website and in local newspapers describing him as being "armed & dangerous" and one of Michigan City's ten most wanted criminals. (*Id.*)

In response to this Complaint, Defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) arguing that they are entitled to qualified immunity for the

constitutional due process claim and statutory immunity pursuant to the Indiana Tort claims Act for the state law tort claims. Defendants base their qualified and statutory immunity defenses on the premise that the arrest was executed pursuant to a valid warrant issued by the LaPorte County Superior Court, which they attached as an appendix to their Motion to Dismiss. (DE 7, Def.'s Mot. To Dismiss, at 2).

C.     Analysis

In their motion to dismiss, Defendants argue that Plaintiff's due process claim fails because they are entitled to qualified immunity. Defendants' are correct. Plaintiff's due process claim fails because he cannot show that the officers' conduct was unconstitutional.

An arrest undertaken pursuant to a facially valid warrant, as the arrest of Plaintiff was, does not violate the Constitution. *Johnson v. Miller*, 680 F.2d 39, 41 (7th Cir. 1982) (finding that if an arrest warrant is valid on its face, its execution against the person named in the warrant does not violate the Fourth Amendment even if a discrepancy exists between the person arrested and the description in the warrant); s*ee also Lauer v. Dahlberg*, 1990 U.S. App. LEXIS 9991, at *3 (7th Cir. June 20, 1990)  ("Generally, a police officer may rely on a facially valid arrest warrant despite an arrestee's claim that he is not the person named in the warrant, or that he is innocent, or that the warrant is no longer valid."). This is true even if, for some reason unbeknownst to the officer, no probable cause to arrest the suspect exists. *Baker v. McCollan*, 443 U.S. 137, 146–147 (1979). Police officers are authorized to rely on the warrant and do not have to question the veracity of the warrant, or the judge who issued it. *Id*. "If an officer executing an arrest warrant must do so at peril of damage liability under section 1983 if there is any discrepancy between the description in the warrant and the appearance of the person to be arrested, many a criminal will

5

slip away while the officer anxiously" compares the suspect to the individual named in the warrant. *Johnson v. Miller*, 680 F.2d 39, 41 (7th Cir. 1982).

Plaintiff's due process claim fails because he has not alleged a constitutional violation, which is the threshold issue in qualified immunity analysis. Therefore, this case must be dismissed. Furthermore, Plaintiff does not allege facts that would allow him to satisfy the one recognized exception for prevailing in § 1983 suit for false arrest. In his Amended Complaint, Plaintiff contends that he protested his innocence to the arresting officers (DE 12, Pl.'s Am. Compl.), but he does not allege that the officers knew the warrant was obtained without probable cause or by deceiving the judicial official who issued the warrant.

The remaining state tort claims require this Court to decide if it should exercise supplemental jurisdiction. District courts may exercise supplemental jurisdiction over state law claims when they are closely related to the federal claims presented to the court. 28 U.S.C. § 1367(a) (2012). However, when all federal law claims have been eliminated before trial and only supplemental state law claims remain, the Court of Appeals for the Seventh Circuit prefers that district courts remand or dismiss without prejudice these state law claims. *See, e.g., Leister v. Dovetail, Inc.*, 546 F.3d 875, 882 (7th Cir. 2008) ("When the federal claim in a case drops out before trial, the presumption is that the district judge will relinquish jurisdiction over any supplemental claim to the state courts."). Accordingly, this Court will dismiss without prejudice the remaining state tort claims.

**D.    Conclusion**

The Court grants Defendants' Motion for Dismissal (DE 6).  The Court dismisses with prejudice all issues involving Plaintiff's § 1983 claim, but dismisses the remaining state court claims without prejudice.

SO ORDERED on November 8, 2013.

 s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE
